IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEPRECE ROUSSELL, ON BEHALF OF AND AS TUTRIX FOR S.C.R., THE MINOR CHILD OF KIERSTON ROUSSELL, DECEASED, § § § § § § *Plaintiff*, § § vs. § § PBF CONSULTANTS, LLC; PBF HOLDING § COMPANY, LLC; PBF INVESTMENTS, § LLC; PBFX OPERATING COMPANY, LLC; § CHALMETTE REFINING, LLC; CLEAN § HARBORS, INC.; CLEAN HARBORS § ENVIRONMENTAL SERVICES, INC.; § JOHN SPRAFKA; and WAYNE LACOMB, § § *Defendants*. § | CIVIL ACTION NO. 3:18-cv-00899-JWD-EWD |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 *et seq*. and 28 U.S.C. § 1332, Defendants PBF Holding Company LLC, PBFX Operating Company LLC, Chalmette Refining, L.L.C., John Sprafka, and Wayne Lacomb (collectively, the "PBF Defendants") hereby remove this action from the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

**I.      INTRODUCTION**

Plaintiff Jeprece Roussell ("Plaintiff"), on behalf of and as tutrix for S.C.R., a minor child, filed a petition in the 19th Judicial District Court for East Baton Rouge Parish, Docket No. C-672352, against the PBF Defendants and others on August 10, 2018, styled *Jeprece Roussell, on behalf of and as tutrix for S.C.R., the minor child of Kierston Roussell, Deceased v. PBF Consultants, LLC, et al.* Plaintiff served PBF Holding Company LLC with a

citation and copy of the petition on September 10, 2018. As discussed further below, PBF Holding Company LLC was the first of the PBF Defendants to be served.

Plaintiff filed this lawsuit following the death of Kierston Roussell ("Roussell"), which occurred on March 31, 2018. Pl.'s Orig. Pet. ¶ 17. Plaintiff claims that Roussell was working for Clean Harbors, Inc. and/or Clean Harbors Environmental Services, Inc. (the "Clean Harbors Defendants") on the date of the incident and was assigned to clean sand tanks at Chalmette Refining, L.L.C.'s ("Chalmette Refining") refinery in Chalmette, Louisiana. *Id.* at ¶ 18. Plaintiff alleges that, while Roussell was performing this work, silica he was scraping off the walls of one of the tanks fell and buried him. *Id.* Plaintiff claims that Roussell died as a result of complications from this incident. *Id.* at ¶ 19. Plaintiff has asserted tort claims, including negligence, gross negligence, intentional tort, and premises liability claims, against the PBF Defendants and seeks to recover wrongful death and survival damages. *Id.* at ¶¶ 21-33.

For the reasons described in greater detail below, this Court has jurisdiction over the state-court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is between citizens of different states. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## II.   REMOVAL IS PROPER

### A.   The amount in controversy exceeds $75,000.

It is apparent from the face of the petition that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff seeks to recover damages against nine defendants following Roussell's untimely death, which occurred while he was engaged in activities at an industrial worksite. Plaintiff seeks to recover not only for Roussell's

injuries and damages, but also asserts claims on behalf of Roussell's minor child, S.C.R., for S.C.R.'s own damages. It is "facially apparent" that the value of Plaintiff's claims likely exceeds $75,000. *See Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 639 (5th Cir. 2003).

Lest there be any doubt as to the amount in controversy, Plaintiff affirmatively alleges that she "seeks damages far in excess of $75,000." Pl.'s Orig. Pet. ¶ 4. "Absent a showing that the assertion was not in good faith or evidence establishing to a legal certainty that [a plaintiff's] claims are really less than the jurisdictional amount, [plaintiff's] own allegation regarding the amount in controversy controls." *Clark v. Childs*, No. CV 16-862-SDD-EWD, 2017 WL 3140793, at *2 (M.D. La. June 16, 2017), report and recommendation adopted, No. CV 16-862-SDD-EWD, 2017 WL 3140789 (M.D. La. July 24, 2017) (holding that defendant established amount in controversy in removing lawsuit to federal court by citing to the plaintiffs' claim in their petition that "this case involves damages in excess of $75,000.00, exclusive of interest and costs").

**B.     There is complete diversity of citizenship because all non-diverse defendants have been improperly joined.**

John Sprafka and Wayne Lacomb work in managerial roles at the refinery where the incident occurred and had no personal involvement in the incident, and two entities named as defendants—PBF Consultants, LLC and PBF Investments, LLC—have no connection whatsoever to the incident, the refinery, or any of the PBF Defendants. None of these defendants are proper parties to this lawsuit.

At the time of commencement of the state court action, at the time of removal, and at present, both Sprafka and Lacomb were and are domiciled in and citizens of the State of Louisiana. As limited liability companies, the citizenship of PBF Consultants, LLC and PBF

Investments, LLC is determined by the citizenship of their members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of both PBF Consultants, LLC and PBF Investments, LLC is Peyton Farr. At the time of commencement of the state court action, at the time of removal, and at present, Farr was and is domiciled in and a citizen of the State of Louisiana. Were any of these defendants proper parties to this lawsuit, their presence would preclude the Court's exercise of its diversity jurisdiction. However, because all were improperly joined, their citizenship is ignored for purposes of the removal analysis. *See Edwards v. Liberty Mut. Ins. Co.*, No. 5-19-SDD-SCR, 2015 WL 2358256, at *3 (M.D. La. May 15, 2015).

A defendant is improperly joined if there is no possibility of recovery by the plaintiff, meaning that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (emphasis in original) (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)). The focus is on plaintiff's pleadings at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

The Court "conduct[s] a Rule 12(b)(6)-type analysis" to determine whether there is a reasonable basis to predict that the plaintiff may recover from the non-diverse defendant. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915 (5th Cir. 2009). In addition, "if the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may pierce the pleadings and conduct a summary inquiry." *Id.* (internal quotations omitted).

**1.     John Sprafka and Wayne Lacomb were improperly joined because there is no possibility that Plaintiff can establish a cause of action against them.**

Neither John Sprafka nor Wayne Lacomb had any personal dealings with Roussell or was even aware that he was performing work at the refinery at the time of the incident, nor were they delegated any personal duty or responsibility with respect to the work Roussell was performing. Both Sprafka and Lacomb serve in managerial roles at the Chalmette Refinery. John Sprafka is currently the Operations Manager for the refinery and held this position at the time of the incident as well. In this role, he has general administrative responsibility for the overall operations at the site. Wayne Lacomb (both at the time of the incident and at present) is a Safety, Health, Environmental, and Security Supervisor for the refinery and administers the health program for the site.

Under Louisiana law, executive officers or employees of a corporate defendant can be held liable for personal injuries to a third party only in certain limited circumstances:

> Referred to as "*Canter* liability," after the Louisiana Supreme Court decision in which it was established, Plaintiffs must prove the following elements in order to recover: (1) [the employer of the individual defendant] owed a duty of care to [the injured party], the breach of which caused the damages for which recovery is sought; (2) [the employer of the individual defendant] delegated its duty to [the individual defendant]; and (3) [the individual defendant] breached the delegated duty through "personal (as contrasted with technical or vicarious) fault"; but (4) "personal liability cannot be imposed upon [the individual defendant] simply because of his general administrative responsibility for performance of some function of the employment."

*Kemp v. CTL Distribution, Inc.*, 440 Fed. App'x 240, 245 (5th Cir. 2011) (quoting *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)).

There is no reasonable possibility that Plaintiff can establish the latter three elements with respect to Sprafka and Lacomb. Both Sprafka and Lacomb's responsibilities at the site are managerial in nature, with Sprafka being responsible for the overall operations at the site and Lacomb being responsible for the overall health program at the site. Neither had personal knowledge of the work being performed by Roussell until after the incident or was personally involved in overseeing or managing that work. Likewise, neither personally inspected the location where the incident occurred or interacted directly with the Clean Harbors Defendants related to the work. Finally, Sprafka and Lacomb were not delegated any duties by Chalmette Refining (or any of the other PBF Defendants) that were owed to Roussell in connection with the work he was doing at the time of the incident.

Consistent with their lack of involvement in this incident, Plaintiff fails to allege any facts that could support subjecting Sprafka and Lacomb to personal liability. Plaintiff's sole allegations specific to these two individuals are that there was "unsafe and inadequate supervision, including but not limited to supervision by Defendants' managers, supervisors, and employees—including specifically Defendant John Sprafka as the Operations Manager for the refinery and Defendant Wayne Lacomb as the Safety and Health Supervisor for the refinery." Pl.'s Orig. Pet. ¶ 23(g). These bare allegations fail entirely to state a claim for *Canter* liability under Federal Rule of Civil Procedure 12(b)(6).

Courts have routinely held that individual defendants are improperly joined in the circumstances presented in this case. *See Kemp*, 440 Fed. App'x at 246 (holding that motion to remand was properly denied because "Plaintiffs . . . merely alleged that [a plant manager] had general safety responsibilities" and had not "alleged facts or identified evidence that create a possibility that [the plant manager] owed a personal duty to [the injured party] to ensure that the

trailer he worked on was toxin-free"); *Whitehead v. Int'l Paper Co.*, No. 1:16-CV-00176, 2016 WL 6272456, at *2 (W.D. La. Sept. 29, 2016), report and recommendation adopted, No. 1:16-CV-00176, 2016 WL 6271076 (W.D. La. Oct. 26, 2016) (recognizing that plant manager was improperly joined in lawsuit resulting from the death of a worker for a contractor at an industrial site because the "balance of Plaintiffs' allegations establish nothing more than [the manager's] general administrative responsibilities"); *Gros v. Warren Properties, Inc.*, No. 12-2184, 2012 WL 5906724, at *10 (E.D. La. Nov. 26, 2012) ("Because Plaintiff has not alleged that Bodine actually knew about the allegedly defective condition of the lighting and failed to take steps to repair it or that Bodine was personally involved in creating the allegedly defective condition, it appears that Plaintiff is seeking to impose liability on Bodine for a breach of general administrative duties as a resident apartment manager to supervise, inspect, and test, rather than breach of a personal duty, which *Canter* prohibits.").

Because Sprafka and Lacomb were improperly joined, their citizenship is ignored for purposes of the removal analysis. *See Edwards*, 2015 WL 2358256, at *3.

> **2. PBF Consultants, LLC and PBF Investments, LLC were improperly joined because there is no possibility that Plaintiff can establish a cause of action against them.**

PBF Consultants, LLC and PBF Investments, LLC are unknown to the PBF Defendants. Neither has any ownership interest in or involvement with the Chalmette Refining refinery. Nor are they related or affiliated in any way with any of the PBF Defendants. Plaintiff's petition contains no allegations specific to either entity that would establish any connection to this incident, and it appears they were joined solely because their names include "PBF." From limited research, it appears that PBF Consultants, LLC and PBF Investments, LLC are engaged in the insurance business in Monroe, Louisiana.

The Fifth Circuit has made clear that a plaintiff's failure to include specific factual allegations concerning a non-diverse defendant in her petition warrants a finding of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). In *Griggs*, the Fifth Circuit held that a motion to remand was properly denied because the plaintiff "allege[d] no actionable facts specific to [the non-diverse defendant]":

> The only factual allegation even mentioning [the non-diverse defendant] merely state[d] that "Defendants [sic], through its local agent, [the non-diverse defendant] issued an insurance policy." The remainder of [plaintiff's] pleadings refer to conduct by the "Defendants" that can in no way be attributed to [the non-diverse defendant].

*Id.*

Here, Plaintiff includes no allegations specific to these two entities. Rather, her petition is replete with generalized allegations directed indiscriminately at all of the defendants. This is wholly insufficient. *See id.* Because Plaintiff has no possibility of recovery against PBF Consultants, LLC and PBF Investments, LLC, their citizenship is ignored in the removal analysis. *See Edwards*, 2015 WL 2358256, at *3.

### 3. All remaining defendants are diverse from Plaintiff and S.C.R.

Defendants PBF Holding Company LLC, PBFX Operating Company LLC, Chalmette Refining, L.L.C., Clean Harbors, Inc., and Clean Harbors Environmental Services, Inc. are diverse from Plaintiff and S.C.R.[1] Upon information and belief, at the time of the commencement of the state court action, at the time of removal, and at present, Plaintiff and S.C.R. were and are domiciled in and citizens of Louisiana. Pl.'s Orig. Pet. ¶ 7.

---

[1] By identifying these defendants as diverse from Plaintiff, the PBF Defendants do not concede that any are proper parties to this lawsuit or liable to Plaintiff for any of the damages she seeks.

PBF Holding Company LLC, PBFX Operating Company LLC, and Chalmette Refining, L.L.C. are Delaware limited liability companies. As a result, their citizenship is determined by the citizenship of their members. *Harvey*, 542 F.3d at 1080.[2]

The sole member of Defendant Chalmette Refining, L.L.C. is Defendant PBF Holding Company LLC. The sole member of Defendant PBF Holding Company LLC is PBF Energy Company LLC, a Delaware limited liability company. The members of PBF Energy Company LLC are as follows: PBF Energy, Inc. (incorporated in Delaware, with its principal place of business in New Jersey), John Barone (domiciled in and a citizen of New Jersey), James Fedena (domiciled in and a citizen of Pennsylvania), Michael Gayda (domiciled in and a citizen of Florida), Wendy HoTai (domiciled in and a citizen of New York), Richard Loew (domiciled in and a citizen of Texas), Matthew Lucey (domiciled in and a citizen of Connecticut), Thomas Nimbley (domiciled in and a citizen of New Jersey), Todd O'Malley (domiciled in and a citizen of Florida), Herman Seedorf (domiciled in and a citizen of Pennsylvania), Clark Wrigley (domiciled in and a citizen of Pennsylvania), James Yates (domiciled in and a citizen of New Hampshire), Charles Erik Young (domiciled in and a citizen of New Jersey), David Alvarez (domiciled in and a citizen of Texas), Dennis Houston (domiciled in and a citizen of Texas), Steve Krynski (domiciled in and a citizen of Pennsylvania), Carette Nelson (domiciled in and a citizen of Massachusetts), Joni Eisenmann (domiciled in and a citizen of New Jersey), Earle Biddle (domiciled in and a citizen of Delaware), Abraham Spencer (domiciled in and a citizen of

---

[2] All statements regarding the membership of these limited liability companies and the citizenship of those members apply as of the date of removal, at the time of the commencement of the state court action, and at present.

Virginia), and Stonerise 2 Holding Limited Partnership (a Nevada limited partnership, the sole member of which is Jefferson Allen, who is domiciled in and a citizen of Nevada).[3]

The sole member of Defendant PBFX Operating Company LLC is PBF Logistics LP, a Delaware limited partnership. The partners of PBF Logistics LP are PBF Energy Company LLC (the members of which are identified above) and PBF Logistics GP LLC, a Delaware limited liability company. PBF Energy Company LLC is the sole member of PBF Logistics GP LLC.

Finally, Defendants Clean Harbors, Inc. and Clean Harbors Environmental Services, Inc. were both incorporated in Massachusetts, and each also has its principal place of business in Massachusetts.

Because Defendants PBF Holding Company LLC, PBFX Operating Company LLC, Chalmette Refining, L.L.C., Clean Harbors, Inc., and Clean Harbors Environmental Services, Inc. are not citizens of Louisiana for purposes of the removal analysis, complete diversity exists.

## C. The procedural requirements for removal are satisfied.

This action was timely removed to this Court pursuant to 28 U.S.C. § 1446(b) because the PBF Defendants' Notice of Removal (R. Doc. 1.) was filed within thirty days of when PBF Holding Company LLC was served with Plaintiff's petition and is being substituted with this Notice of Removal pursuant to the Court's October 22, 2018 Notice and Order (R. Doc.

---

[3] The PBF Defendants indicated that 22 individuals are members of PBF Energy Company LLC in their initial Notice of Removal. (R. Doc. 1, 8.) However, the 19 individuals identified above are in fact the only people that have a membership interest in PBF Energy Company LLC.

7).[4]  *See* 28 U.S.C. § 1446(b)(1).  The Clean Harbors Defendants consent to removal.  R. Doc. 3. While unnecessary because they have been improperly joined, *see Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007), PBF Consultants, LLC and PBF Investments, LLC also consent to removal. R. Doc. 5.

The United States District Court for the Middle District of Louisiana embraces the parish in which the state-court action now pends.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 98(b) & 1441(a).

Pursuant to 28 U.S.C. § 1446(a), the PBF Defendants are attaching a copy of all process, pleadings, and orders served with this notice of removal.

Pursuant to 28 U.S.C. § 1446(d), the PBF Defendants are simultaneously filing a written notice of this removal with the district clerk of the state court where the action currently pends.  Copies of the notice of filing notice of removal, together with this notice of removal, are being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d), and upon all known counsel of record in this action.

### III.   CONCLUSION

The PBF Defendants pray that this Court take jurisdiction of this action to its conclusion, to the exclusion of any further proceedings in the state court in accordance with the above law.

---

[4]  The remaining PBF Defendants have either not been served or were served after PBF Holding Company LLC:  PBFX Operating Company LLC (not yet served), Chalmette Refining, L.L.C. (served on September 20, 2018), John Sprafka (citation issued on September 14, 2018), and Wayne Lacomb (served on September 19, 2018).

Date: October 29, 2018                                  Respectfully submitted,

                                                          BAKER BOTTS L.L.P.

By: */s/ Tynan Buthod*
    Tynan Buthod — *Lead Attorney*
    Louisiana Bar Number 34901
    Benjamin Gonsoulin
    Louisiana Bar Number 34562
    BAKER BOTTS L.L.P.
    910 Louisiana Street
    Houston, Texas 77002
    Telephone: (713) 229-1912
    Facsimile: (713) 229-2712
    ty.buthod@bakerbotts.com
    ben.gonsoulin@bakerbotts.com

ATTORNEYS FOR DEFENDANTS PBF HOLDING COMPANY LLC, PBFX OPERATING COMPANY LLC, CHALMETTE REFINING, L.L.C., JOHN SPRAFKA, AND WAYNE LACOMB

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2018, a true and exact copy of the foregoing was served on the following counsel of record via the Court's electronic filing system:

Roland Christensen
Arnold & Itkin LLP
6009 Memorial Drive
Houston, TX 77007
rchristensen@arnolditkin.com
e-service@arnolditkin.com

A.M. "Tony" Clayton
Michael P. Frugé
Richard J. Ward, III
Clayton, Frugé & Ward
3741 La. Highway 1 South
Port Allen, LA 70767
tclaytonlaw@aol.com
michaelfruge@claytonfrugelaw.com
rickward3rd@gmail.com

Kent M. Adams
Lori D. Barker
Wilson Elser Moskowitz Edelman & Dicker LLP
650 Poydras Street, Suite 2200
New Orleans, LA 70130
kent.adams@wilsonelser.com
lori.barker@wilsonelser.com

K. Lamar Walters, III
R. Alan Breithaupt
Briethaupt, DuBos & Wolleson
1811 Tower Drive
Monroe, LA 71201
lamar@bdw.law
alan@bdw.law

*/s/ Benjamin Gonsoulin*
Benjamin Gonsoulin