# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEPRECE ROUSSELL | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 18-899-JWD-EWD |
| PBF CONSULTANTS, LLC, ET AL. | |

## RULING AND ORDER

Pending before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Clean Harbors, Inc. (Doc. 17). Plaintiff Jeprece Roussell opposes the motion. (Doc. 22). Oral argument is not necessary. After careful consideration of the parties' arguments, the facts alleged, and the applicable law, and for the following reasons, the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 17) is granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2018, Kierston Roussell sustained injuries as a result of falling silica while cleaning a sand tank at an oil refinery in Chalmette, Louisiana. (Doc. 1-1 at 5–6). The accident caused Mr. Roussell's respirator to fall off, leaving him buried under four to five feet of silica, unable to breathe. (*Id.* at 6). Mr. Roussell was rescued after a considerable amount of time and taken to a hospital, where he was put on a ventilator. (*Id.*). About two weeks later, Mr. Roussell was declared brain dead. (*Id.*). He was taken off of life support and passed away shortly thereafter. (*Id.*)

On behalf of and as tutrix for Mr. Roussell's minor child, Jeprece Roussell brought a survival action for the injuries sustained by the decedent as well as a wrongful death action for the child's own damages. (Doc. 1-1 at 1). Among the defendants named are Clean Harbors, Inc. ("Clean Harbors") and Clean Harbors Environmental Services, Inc. ("CH Environmental

Services") (collectively, the "Clean Harbors Defendants"). (*Id*. at 3). The plaintiff alleges that Mr. Roussell was injured while performing work for the Clean Harbors Defendants in the course of his employment. (*Id*. at 5–6).

Clean Harbors argues that it is not subject to *in personam* jurisdiction in Louisiana. (Doc. 17-1 at 2). In support of this motion, Clean Harbors has provided an affidavit by Bradley A. Carl, Esq., Vice President and Assistant General Counsel of CH Environmental Services. (Doc. 17-1 & Doc. 17-2). The affidavit states that Clean Harbors is a Massachusetts corporation with its principal place of business in Massachusetts. (Doc. 17-2 at 2). It maintains, as Clean Harbors argues in briefing, that Clean Harbors is a holding company with no employees and does not conduct business within Louisiana. (*Id*.). CH Environmental Services is a subsidiary of Clean Harbors. (*Id*.).

In response to Clean Harbors' assertion that it has no contacts to Louisiana subjecting it to personal jurisdiction, the plaintiff generally argues that the Clean Harbors Defendants contracted with a Louisiana company to "render waste management services at the Chalmette refinery" and arranged for Mr. Roussell to perform the work which led to his injury. (Doc. 22 at 1). The plaintiff further asserts that the Clean Harbors Defendants failed to properly train and supervise Mr. Roussell and instructed him to perform the work in an unsafe manner. (Doc. 22 at 2). Because the present action arises out of the Clean Harbors Defendants' allegedly tortious conduct in Louisiana, the plaintiff maintains that there is specific jurisdiction over the Clean Harbors Defendants generally. (*Id*.). The plaintiff urges that it would be reasonable to hale the Clean Harbors Defendants into Louisiana, as Ms. Roussell and her minor child have an interest in litigating in Louisiana, and the state has an interest in providing relief for its citizens. (Doc. 22 at 8).

In the plaintiff's state-court petition, she alleges that Mr. Roussell worked for the Clean Harbors Defendants at the time of his injury. (Doc. 1-1 at 4). In briefing, she explains that Mr. Roussell was part of a team of contractors from Clean Harbors *and* CH Environmental Services. (Doc. 22 at 2). Mr. Roussell is treated as an employee of both entities throughout the remainder of the memorandum, without any distinction made between the two. (Doc. 22). However, the affidavit to which the plaintiff cites in support of this contention states only that Mr. Roussell was part of a team from "Clean Harbors, Inc., Clean Harbors Environmental Services, Inc., or one of its affiliated entities" that performed services at the Chalmette refinery. (Doc. 15-1 at 3).

## II. STANDARD OF REVIEW

"When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the district court's jurisdiction over the defendant." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The plaintiff is required to make a *prima facie* showing that establishes the court's jurisdiction, and the court "must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

## III. DISCUSSION

The Fourteenth Amendment's Due Process Clause ensures that a federal court cannot assume personal jurisdiction over a nonresident defendant "unless the defendant has meaningful 'contacts, ties, or relations' with the forum state." *Luv N' Care*, 438 F.3d at 469 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). "Jurisdiction may be general or specific." *Id.*

"A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. Testamerica, Inc.*, 564 F.3d 386,

398 (5th Cir. 2009). "The Louisiana long-arm statute authorizes the exercise of jurisdiction over a nonresident defendant as far as is permitted by due process." *Lancer Ins. Co. v. Patel*, 102 F. Supp.2d 704, 707 (W.D. La. 2000) (citing La. R.S. § 13:3201(B)).

To exercise specific jurisdiction over a nonresident defendant, the suit must be related to the defendant's contacts with the forum state. *Id*. The constitutional requirements for specific jurisdiction are satisfied where the defendant has "'minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *In Re Dupuy Orthopaedics, Inc.*, 888 F.3d 753, 778 (5th Cir. 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). However, "[w]here a defendant has 'continuous and systematic general business contacts' with the forum state, the court may exercise 'general' jurisdiction over any action brought against that defendant." *Luv N' Care*, 438 F.3d at 469 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)) (citation omitted); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (internal quotation marks omitted).

A. **General Jurisdiction**

In order to determine whether a corporation is "at home" in the forum, the Court must look to its principal place of business as well as its place of incorporation.[1] *Daimler AG*, 571 U.S. at 137. When deciding a motion to dismiss on the basis of personal jurisdiction, the Court may

---

[1] Additionally, the Court in *Daimler* did "not foreclose the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139; *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (observing that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business"). Here, Plaintiff has made no argument that Clean Harbors' contacts with Louisiana are so extensive as to fall into this "exceptional" category of cases.

determine the existence of jurisdiction by considering "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discvoery." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). Here, Bradley Carl's affidavit states that Clean Harbors was incorporated in Massachusetts and it maintains its principal place of business in Massachusetts. (Doc. 17-2 at 2). Plaintiff has not argued nor submitted any evidence to the contrary. Thus, the Court concludes that Clean Harbors is not "at home" in Louisiana and is not subject to general jurisdiction there.

**B.     Specific Jurisdiction**

Nevertheless, the Court can still exercise *in personam* jurisdiction if Clean Harbors' activities in Louisiana with respect to the incident at issue subject it to specific jurisdiction in a Louisiana-based court. The Fifth Circuit uses the following test to determine the existence of specific jurisdiction: "(1) Did the defendant have minimum contacts with the forum state— purposely directing its activities toward the forum state or purposely availing itself of the privilege of conducting activities therein? (2) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? (3) Would the exercise of personal jurisdiction be reasonable and fair?" *Griffin v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999).

The plaintiff argues that because Clean Harbors contracted to render services in Louisiana and committed tortious conduct while providing these services at the Louisiana refinery, the "minimum contacts" requirement is satisfied. (Doc. 22 at 6). The plaintiff further states that because this case arose out of these contacts, there is specific jurisdiction over the Clean Harbors Defendants. (*Id.* at 7). The plaintiff relies upon an affidavit provided by the Operations Manager of the Chalmette refinery for her contention that the Clean Harbors Defendants conducted business in Louisiana. (Doc. 22 at 2). The affidavit provides only that at the time of the accident, "Mr.

5

Roussell was part of a maintenance team from Clean Harbors, Inc., Clean Harbors Environmental Services, Inc., *or* one of its related entities." (Doc. 15-1 at 3) (emphasis added). Clean Harbors, however, is not registered to do business in Louisiana, and it does not conduct any business in Louisiana. (Doc. 17-2 at 2). The plaintiff has not disputed this assertion with any evidence of her own. Thus, there is no evidence that Clean Harbors alone purposefully availed itself of the forum state by contracting to render services in Louisiana.

The Clean Harbors Defendants' answer states that Mr. Roussell was an employee of "Clean Harbors Environmental Services, Inc. and/or Clean Harbors, Inc." (Doc. 18 at 7). Though the use of the phrase "and/or" leaves open the possibility that Mr. Roussell was employed by Clean Harbors, Carl's affidavit clarified that Clean Harbors has no employees and does not conduct business in Louisiana. (Doc. 17-2 at 2). The plaintiff has provided no evidence to the contrary. Accordingly, the Court concludes that Mr. Roussell was not an employee of Clean Harbors at the time of the incident in question. Despite the plaintiff's argument to the contrary, this conclusion does not conflict with the affidavits relied upon in briefing, which merely state that "Mr. Roussell was part of a maintenance team from Clean Harbors, Inc., Clean Harbors Environmental Services, Inc., or one of their affiliated entities." (Doc. 15-1 at 3; Doc. 15-2 at 3). Thus, because Mr. Roussell was not employed by Clean Harbors, and there is no evidence that Clean Harbors contracted to perform the work at issue, there is no Louisiana-based conduct on the part of Clean Harbors that give rise to suit. Conversely, CH Environmental Services has already conceded that it is subject to the jurisdiction of this Court. (Doc. 18 at 5).

As a result, and as the plaintiff has suggested in briefing, (*see* Doc. 22 at 10), Clean Harbors can only be subject to specific personal jurisdiction in Louisiana through its relationship with its subsidiary, CH Environmental Services. "A foreign parent corporation is not subject to the

jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983). The contacts of a subsidiary may only be attributed to its parent company when the parent company exerts control over the internal business operations and affairs of its subsidiary, sufficient to make the subsidiary its agent or alter ego. *Id.* at 1160; *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999). The Fifth Circuit uses the following factors, known as the "*Hargrave* factors," for determining whether a subsidiary is an alter ego of its parent company:

> (1) amount of stock owned by the parent of the subsidiary; (2) did the two corporations have separate headquarters; (3) did they have common officers and directors; (4) did they observe corporate formalities; (5) did they maintain separate accounting systems; (6) did the parent exercise complete authority over general policy; (7) did the subsidiary exercise complete authority over daily operations.

*Hargrave*, 710 F.2d at 1153.

CH Environmental Services is wholly owned by Clean Harbors, (Doc. 17-2 at 2), but complete stock ownership does not alone establish an agency relationship. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 594 (5th Cir. 1999). Instead, the control exerted by the parent must be such that the subsidiary has no separate existence of its own. *Id.* at 594.

The state-court petition contains no allegations regarding Clean Harbors' control over CH Environmental Services. (*See* Doc. 1-1). Nor has the plaintiff come forward with any evidence shedding light on any of the *Hargrave* factors after a period of jurisdictional discovery. Plaintiff has not asked for additional jurisdictional discovery nor shown that such would provide any elaboration on this issue. Because the record demonstrates that Clean Harbors itself did not employ Mr. Roussell, and because there are no allegations and no evidence in the record of its control over CH Environmental Services, there is no indication Clean Harbors has the requisite minimum

contacts with Louisiana to subject itself to specific *in personam* jurisdiction there. Accordingly, the plaintiff has not met her burden to demonstrate the Court's personal jurisdiction over Clean Harbors.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 17) is **GRANTED**, and all claims asserted against Defendant Clean Harbors, Inc. are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

Signed in Baton Rouge, Louisiana, on July 24, 2019.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**