UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JEPRECE ROUSSELL

VERSUS

PBF CONSULTANTS, LLC, ET AL.

CIVIL ACTION NO.

18-899-JWD-EWD

## TELEPHONE CONFERENCE REPORT AND ORDER

A telephone conference was held before Magistrate Judge Erin Wilder-Doomes on November 20, 2019 with the following participants:

**PRESENT**:  **Roland T. Christensen**
Counsel for Plaintiff,
Jeprece Roussell

**Lori D. Barker**
Counsel for Defendant,
Clean Harbors Environmental Services, Inc.

**Charles T. Buthod**
**Benjamin E. Gonsoulin**
Counsel for Defendants,
PBF Holding Company, LLC, et al.

The parties discussed Plaintiff's Renewed Motion for Leave to Amend Her Complaint (the "Motion to Amend Complaint"),[1] PBF Defendants' Opposed Motion for Leave to File First Amended Answer (the "PBF Motion to Amend Answer"),[2] and the Opposed Motion for Leave to File First Amended Answer of Clean Harbors Environmental Services, LLC (the "Clean Harbors Motion to Amend Answer").[3]

This Court previously denied a motion to remand based on the improper joinder of two individual defendants, John Sprafka ("Sprafka") and Wayne Lacomb ("Lacomb").[4] In recommending a finding that Sprafka and Lacomb were improperly joined, this Court set forth the

---

[1] R. Doc. 52.

[2] R. Doc. 51.

[3] R. Doc. 53.

[4] *See*, R. Docs. 28 & 45.

CV38AT0:30

standard for improper joinder,[5] as well as the standard for holding a corporate employee individually liable for injuries to third persons.[6] In finding that Sprafka and Lacomb were improperly joined, the Court explained that Plaintiff had not alleged that either individual defendant "personally walked through the tanks with Decedent, provided Decedent with a permit to access the tanks, or provided any instructions to Decedent," or "was personally responsible for inspecting the tanks or for supervising Clean Harbor's work."[7]

By the proposed amended complaint, Plaintiff seeks to re-allege claims against Sprafka and Lacomb and bring claims against a new individual defendant, Guy Swinford. Although the proposed First Amended Complaint does not adequately set out the citizenship of these individual defendants because Plaintiff only alleges residency, the Court confirmed during the November 21, 2019 telephone conference that the parties agree Mr. Swinford is a Louisiana citizen.

---

[5] The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74.

[6] *Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240, 245 (5th Cir. 2011) (unpubl.) (citing *Canter v. Koehring*, 283 So. 2d 716 (La. 1973)). "Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter v. Koehring*, 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute,* La. R.S. § 23.1032 (1998)). "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." *Id*. (affirming district court's denial of motion to amend to add non-diverse employees and agreeing that plaintiff's "proffered amendment relied on the proposed parties' general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law."). "In order for a corporate officer to be held liable for purported personal fault or negligence which arises out of a breach of duty, that person must have some personal contact with and responsibility towards the injured employee." *Esco v. Smith*, 468 So.2d 1169, 1175 (La. 1985).

[7] R. Doc. 28, p. 9.

2

The Court explained that, based on a review of the proposed First Amended Complaint,[8] Plaintiff's proposed allegations against Swinford appear to state a claim and appear to be in keeping with the standards set forth in the Court's previous denial of the motion to remand.[9] Per the proposed pleading, Plaintiff alleges:

> Guy Swinford was a safety representative for the PBF Defendants and Eric was an operator for the PBF Defendants. Together, they were responsible for and had been delegated the task of evaluating the proposed work and approving permits for the specific work project at issue. Guy Swinford and Eric looked into the pressure vessel prior to work beginning on the day in question and personally saw the dangerous condition that existed—i.e., the remaining buildup of silica sand that was still caked in the pressure vessel. However, on behalf of the PBF Defendants, both Guy Swinford and Eric did nothing to address the hazard and instead personally approved the necessary permits. They instructed the Clean Harbors/Veolia crew to proceed with entering the pressure vessel to start cleaning out the silica sand despite the dangerous conditions both Guy Swinford and Eric were actually aware of.[10]

The proposed First Amended Complaint additionally sets forth that:

> Defendant Swinford was a Health and Safety Representative at the Chalmette Refinery at the time of the incident. Defendant Swinford had direct responsibility for and had been delegated the duty of overseeing the permitting process for confined spaces such as where the incident occurred. Defendant Swinford physically walked the unit and personally looked inside the pressure vessel in question before authorizing the permits to enter the pressure vessel. Defendant Swinford actually saw the silica build up and, based on his training, would have understood the risks with sending individuals inside the pressure vessel with the caked silica sand. Despite his actual and constructive knowledge of the dangerous conditions, Defendant Swinford authorized the work to go forward.[11]

---

[8] R. Doc. 52-3.

[9] R. Docs. 28 & 45.

[10] R. Doc. 52-3, ¶ 34.

[11] R. Doc. 52-3, ¶ 68.

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[12]  "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"[13] and "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[14]  Considering the Court's preliminary review of the sufficiency of Plaintiff's proposed allegations against Mr. Swinford, the Court asked defendants whether they intend to oppose the Motion to Amend Complaint.  While any defendant is entitled to file an opposition to the Motion to Amend Complaint within the deadline set herein, the Court reminded the parties that the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction...."[15]  Accordingly, the Court will not conduct a "mini-trial" on the truth of Plaintiff's proposed allegations against Mr. Swinford when analyzing the Motion to Amend Complaint.  Further, the parties were advised that if the claims against Mr. Swinford were allowed, the undersigned would *sua sponte* recommend remand of this action.[16]  Finally, counsel were reminded of their obligation pursuant to FRCP 11(b)(2) to ensure that "claims, defenses, and other legal contentions are warranted by existing law or by a

---

[12] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

[13] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242. 249 (5th Cir. 2011)).  *See also*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor.  The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

[14] *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[15] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[16] If Plaintiff is allowed to amend to assert a claim against Mr. Swinford in this suit, this Court's subject matter jurisdiction would be destroyed.  Because this Court would lack subject matter jurisdiction upon the joinder of Swinford, the undersigned would likely recommend that additional outstanding issues raised in Plaintiff's Motion to Amend the Complaint (*i.e.*, the ability to assert revised claims against Sprafka and Lacomb and the ability to assert new claims against new defendants – the Veolia entities, Brown & Root Industrial Services, LLC;  and Total Safety U.S., Inc.), as well as issues raised in the PBF and Clean Harbors Motions to Amend Answers, be considered by the state court.

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Counsel for the PBF Defendants stated that the PBF Defendants would like additional time to consider the issues raised during the telephone conference to decide whether the PBF Defendants will file an opposition memorandum to the Motion to Amend Complaint. Plaintiff did not object. Defendants were granted an extension of time through Monday, December 2, 2019 to file a response to the Motion to Amend Complaint. The Court instructed counsel that at this time, briefing regarding the Motion to Amend Complaint should be limited to the issue of the individual defendants' joinder.[17] At the request of Plaintiff's counsel, the Court also extended the deadline for opposition to the PBF Defendants' Motion to Amend Answer and the Clean Harbors Motion to Amend Answer until fifteen (15) days following a ruling on the Motion to Amend Complaint. No defendant objected.

Accordingly,

---

[17] During the November 20, 2019 telephone conference, counsel for the PBF Defendants correctly noted that the citizenship of the limited liability companies sought to be added as defendants by the First Amended Complaint is not adequately alleged. To adequately allege the citizenship of a limited liability company, Plaintiff must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted). The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

**IT IS ORDERED** that the **ORAL MOTION** of the PBF Defendants to extend the deadline to file an opposition, if any to Plaintiff's Renewed Motion for Leave to Amend Her Complaint[18] is **GRANTED**. Any opposition is due no later than **December 2, 2019**.

**IT IS FURTHER ORDERED** that the **ORAL MOTION** of Jeprece Roussell to extend the deadline to file an opposition to PBF Defendants' Opposed Motion for Leave to File First Amended Answer[19] and the Opposed Motion for Leave to File First Amended Answer of Clean Harbors Environmental Services, LLC[20] is **GRANTED**. Any opposition due no later than fifteen (15) days following a ruling on Plaintiff's Renewed Motion for Leave to Amend Her Complaint.

Signed in Baton Rouge, Louisiana, on November 22, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] R. Doc. 52.

[19] R. Doc. 51.

[20] R. Doc. 53.